## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>514 Upper Guinea Road, Lebanon, ME 04027 |
| **Ryan J. Quinn** | Mortgage:<br>April 9, 2004<br>Book 14043, Page 702<br>York County Registry of Deeds |
| **Defendant**<br>**Portfolio Recovery Associates, LLC**<br>**Discover Bank** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Ryan J. Quinn, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Ryan J. Quinn, is the obligor and

the total amount owed under the terms of the Note is One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally-Chartered Corporation with its principal/main place of business located at 1100 15th Street NW, Washington, DC 20005 and therefore for diversity purposes is, by statute, a resident of the District of Columbia.

5. The Defendant, Ryan J. Quinn, is a resident of Lebanon, County of York and State of Maine.

6. The Party-in-Interest, Discover Bank, is a Delaware corporation with its main/principal place of business at 502 East Market Street, Greenwood, DE 19950.

7. The Party-in-Interest, Portfolio Recovery Associates LLC, is a limited liability company whose sole member PRA Group, Inc.. a Delaware Corporation.

## FACTS

8. On April 9, 2004, by virtue of a Warranty Deed from James S. Quinn, which is recorded in the York County Registry of Deeds in **Book 14043, Page 701**, the property situated at 514 Upper Guinea Road, City/Town of Lebanon, County of York, and State of Maine, was conveyed to Ryan J. Quinn, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On April 9, 2004, Defendant, Ryan J. Quinn executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $116,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on April 9, 2004, Defendant, Ryan J. Quinn, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Home Loans, Inc., securing the property located at 514 Upper Guinea Road, Lebanon, ME 04027 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14043**, **Page 702**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 30, 2024, and recorded in the York County Registry of Deeds in **Book 19426**, **Page 575** (said assignment is arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated August 15, 2024, and recorded in the York County Registry of Deeds in **Book 19495**, **Page 182**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On September 11, 2016, the Defendant, Ryan J. Quinn, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $100,804.43 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

14. On June 20, 2024, the Defendant, Ryan J. Quinn, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the U.S. Post Office Record (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Ryan J. Quinn, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

16. The Defendant, Ryan J. Quinn, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Portfolio Recovery Associates, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,201.42 dated October 18, 2013, and recorded in the York County Registry of Deeds in **Book 16720**, **Page 710**, however, upon information and belief the notice requirements under Maine law were not complied with and therefore it may be in second position behind Plaintiff's Mortgage.

21. Discover Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,789.04 dated September 2, 2016, and recorded in the York County Registry of Deeds in

**Book 17336**, **Page 732**, however, upon information and belief the notice requirements under Maine law were not complied with and therefore it may be and is in third position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of January 21, 2025, is One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,590.35 |
| Interest | $5,168.84 |
| Unpaid Late Charges | $26.43 |
| Escrow Advance | $2,469.95 |
| Lender Paid Expenses | $1,555.76 |
| Grand Total | $103,811.33 |

23. Upon information and belief, the Defendant, Ryan J. Quinn, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 514 Upper Guinea Road, Lebanon, County of York, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Ryan J. Quinn, is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2024, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of January 21, 2025, is One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars.

30. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Ryan J. Quinn's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Ryan J. Quinn, on June 20, 2024, evidenced by the U.S. Post Office records. *See* Exhibit G.

33. The Defendant, Ryan J. Quinn, is not in the Military as evidenced by the attached Exhibit H.

34. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On April 9, 2004, the Defendant, Ryan J. Quinn, executed under seal and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $116,000.00. *See* Exhibit B.

37. The Defendant, Ryan J. Quinn, is in default for failure to properly tender the March 1, 2024, payment and all subsequent payments. *See* Exhibit G.

38. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ryan J. Quinn.

39. The Defendant, Ryan J. Quinn, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant, Ryan J. Quinn's, breach is knowing, willful, and continuing.

41. The Defendant, Ryan J. Quinn's, breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of January 21, 2025, if no payments are made, is One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Ryan J. Quinn, entered into a written contract with Countrywide Home Loans, Inc., who agreed to loan the amount of $116,000.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendant, Ryan J. Quinn, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

49. The Defendant, Ryan J. Quinn, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2024, payment and all subsequent payments. *See* Exhibit G.

50. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ryan J. Quinn.

51. The Defendant, Ryan J. Quinn, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

52. The Defendant, Ryan J. Quinn, is indebted to Federal National Mortgage Association in the sum of One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

53. Defendant, Ryan J. Quinn's, breach is knowing, willful, and continuing.

54. Defendant, Ryan J. Quinn's, breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of January 21, 2025, if no payments are made, is One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

58. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Countrywide Home Loans, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Ryan J. Quinn, $116,000.00. *See* Exhibit B.

60. The Defendant, Ryan J. Quinn, has failed to repay the loan obligation.

61. As a result, the Defendant, Ryan J. Quinn, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

63. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due, and priority of any Party-In-Interest that appears in this action;

c) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

d) Find that the Defendant, Ryan J. Quinn, is in breach of the Note by failing to make payment due as of March 1, 2024, and all subsequent payments;

e) Find that the Defendant, Ryan J. Quinn, is in breach of the Mortgage by failing to make payment due as of March 1, 2024, and all subsequent payments;

f) Find that the Defendant, Ryan J. Quinn, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Ryan J. Quinn, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2024, and all subsequent payments;

h) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Ryan J. Quinn has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

k) Find that the Defendant, Ryan J. Quinn, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

l) Find that the Defendant, Ryan J. Quinn, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Ryan J. Quinn, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Ryan J. Quinn;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Ryan J. Quinn, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Three Thousand Eight Hundred Eleven and 33/100 ($103,811.33) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: March 21, 2025

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com